**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Monica Cambra,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Universal Weather and Aviation LLC,<br><br>　　　　Defendant. | No. CV-20-02234-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Transfer Venue (Doc. 15). Plaintiff filed a Response in opposition (Doc. 17), and Defendant filed a Reply (Doc. 19).

**I.　Background**

Plaintiff Monica Cambra's Amended Complaint brings a breach of contract claim and an Employee Retirement Income Security Act ("ERISA") claim against Defendant, her former employer. (Doc. 8 at ¶¶ 20–29). Although Plaintiff worked in Phoenix, Defendant is headquartered in Houston, Texas. (Docs. 15 at 5; 17 at 2). Plaintiff's claims are rooted in her allegation that Defendant failed to abide by the terms of a "Severance Plan" after her termination. (Doc. 8 at ¶¶ at 17–19).

This matter was originally filed in Arizona state court, and Defendant removed the matter to this Court. (Doc. 1). Now, Defendant seeks to transfer this matter to the Southern District of Texas under 28 U.S.C. § 1404(a). (Doc. 15).

**II.　Legal Standard**

Generally, courts presume the plaintiff's choice of venue is convenient. *Piper*

*Aircraft Co. v. Reyno*, 454 U.S. 235, 256–57 (1981) ("When the home forum has been chosen, it is reasonable to assume that this choice is convenient."); *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1227 (9th Cir. 2011) ("When a domestic plaintiff initiates litigation in its home forum, it is presumptively convenient."). However, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

Motions to transfer under § 1404(a) are considered on a case-by-case basis, and the ultimate decision rests in the district court's discretion. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The Court may consider many factors, including the following:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498–99. In addition to these factors, the Ninth Circuit has found that ERISA's statutory language demonstrates Congress' intent to permit a broad "range of permissible venue locations." *Varsic v. U.S. Dist. Ct. for Cent. Dist. of California*, 607 F.2d 245, 248 (9th Cir. 1979) (discussing 29 U.S.C. § 1132(e)(2)).

### III. Analysis

No party disputes that this matter may have been brought in Texas. Therefore, the question before the Court is whether it is more convenient and in the interest of justice to transfer this matter to the Southern District of Texas.

Defendant claims many of the events giving rise to this dispute occurred in Texas, such as the formation and administration of the Severance Plan. (Doc. 15 at 22). Defendant claims that Plaintiff is the only witness in Arizona and that its other "potential" witnesses, Defendant names fifteen, live in Texas. (*Id.* at 11–15, 23). If it were necessary to compel

the Texas witnesses to participate in discovery, Defendant claims the Southern District of Texas, not the District of Arizona, would be able to issue subpoenas. (*Id.* at 20). Defendant notes that many relevant documents will be in Texas. (*Id.* at 24). Because so much discovery would occur in Texas, Defendant argues it would be less expensive overall to move venues. (*Id.* at 22). Defendant also claims, should issues arise under Texas law, the Texas court will be better suited to address them. (*Id.* at 21). Finally, Defendant argues that, because Texas' dockets are less congested than Arizona's, public policy favors transferring the case to the less crowded venue. (*Id.* at 25).

Plaintiff argues in response that the Severance Plan was offered to her in Arizona, and she executed her performance in Arizona. (Doc. 17 at 7). In addition, Plaintiff argues that only three of the fifteen witnesses Defendant names are alleged to have information that is specifically relevant to Plaintiff's claims. (*Id.*) Furthermore, Plaintiff argues there is no indication that the witnesses are hesitant to participate, especially given the convenience of modern technology. (*Id.* at 6). Similarly, Plaintiff argues that document sharing is not a problem in the modern age. (*Id.* at 9). This technology, Plaintiff argues, will also keep costs low, as travel is less necessary. (*Id.*) Plaintiff also notes that Defendant has not cited any Texas law issue, which makes the possibility of one mere speculation. Finally, Plaintiff argues that, although by some metrics Texas is less congested than Arizona, this Court has been able to efficiently process its cases "without appreciable delay in overall disposition rates." (*Id.* at 9).

The Court will deny the Defendant's request to transfer to the Southern District of Texas. First, like many agreements made between parties from different states, the contract at issue here had significant portions of its execution occur in both Arizona and Texas. Second, although Defendants have not cited any Texas legal issues, the Court notes that the Severance Agreement, attached to the Original Complaint, purports to be governed by Texas law. (Doc. 1-1 at 13). Although Texas courts would be more familiar with the contract claims at issue, such claims are not so uncommon that this factor, standing alone, would justify a transfer. Third, the Court finds modern communication technology makes

conducting discovery, contacting and deposing witnesses, and obtaining and reviewing documents a much more efficient task.  Given that this case, which is based on a breach of contract, will likely rely heavily on documents, the Court does not find Defendant's arguments regarding the location of evidence persuasive, especially given the increased use of email and videoconferencing during the COVID-19 pandemic.  Although this Court may not be able to compel some witnesses in Texas to participate, there is no indication that the witnesses Defendant lists, who all appear to be current or former employees of Defendant, would not participate.  Fourth, the Court provides some deference to Plaintiff's decision to bring her contract and ERISA claims here, in Arizona.  *See Jones*, 211 F.3d at 498 (providing deference to a plaintiff's choice of venue); *Varsic*, 607 F.2d at 248 (noting Congress' intention to allow a wide variety of venues for ERISA claims).  Finally, the Court is very conscious of its caseload and the ever-present need for timely and efficient adjudication.[1]  However, the Court declines to transfer this particular matter simply because another jurisdiction has a lighter caseload.

### IV.   Conclusion

The Court finds that it is not in the interest of justice to transfer this matter.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Transfer Venue (Doc. 15) is **denied**.

Dated this 22nd day of September, 2021.

Honorable Diane J. Humetewa
United States District Judge

---

[1] The Court notes that Defendant's memorandum in support of its Motion (Doc. 15) is twenty-five pages long.  The Local Rules state that supporting memorandum shall not exceed seventeen pages, exclusive of "any required statement of facts." LRCiv 7.2(e).  Defendant argues that without counting its "necessary statement of facts," the Motion complies with the Local Rules.  (Doc. 15 at 26).  Defendant cites no authority requiring a statement of facts in a motion to transfer venue.  Required statements of facts are reserved for motions such as motions for summary judgment.  *See* LRCiv 56.1(a).  It is not the case that a party can evade the page limit on briefing by simply saying a statement of facts was necessary to its argument.  Therefore, the Motion fails to comply with the Local Rules.  Further briefing that fails to comply will be summarily stricken.